The decision depends on the law of evidence. Sarah S. Sheldon, in her lifetime, was seized of real property in Newark. In 1924, she and her husband, John S. Sheldon, mortgaged it to J. Ackerman Coles for $2,500, payable in ten years without interest. Dr. Coles died in 1924, Mrs. Sheldon in 1928, and Mr. Sheldon in 1934. Mrs. Sheldon devised the property to her husband, and he, to complainant Madeline Pascall. The bill prays that the mortgage be decreed to have been satisfied and be canceled of record.
The bond and mortgage never came to the hands of Dr. Coles' executors, but after the death of Sheldon, they were found among the latter's papers. Generally, the mortgagor's possession of the bond and mortgage is prima facie evidence of payment of the debt, for usually a creditor retains the written obligation until it is satisfied. Porter v. Nelson, 121 Pa. 628;15 Atl. Rep. 852; Lawson v. Burger, 131 Md. 436; 103 Atl. Rep. 516; StarLoan Association v. Moore, 20 Del. 308; 55 Atl. Rep. 946.
However, it further appears that up to the time of Dr. Coles' death, Sheldon was his trusted agent in connection with his real estate holdings. This fact raises the question whether Sheldon held the bond and mortgage as agent or in his own right.
Over objection of defendant, the following evidence was received: Mr. Rosinger, one of the executors of Sheldon's *Page 464 
will and co-complainant in the cause, testified that in Dr. Coles' lifetime Sheldon had told the witness that Dr. Coles had given him the bond and mortgage. A Mr. Osborne testified that Sheldon, holding the bond and mortgage in his hand, told him of the gift.
The first ground for objection was that Mr. Rosinger's testimony violated section 4 of the Evidence act. Comp. Stat.p. 2218, as amended P.L. 1931 p. 305. It will be observed that the witness did not testify to any conversation or transaction with Dr. Coles. If Dr. Coles were living, he could not testify of his own knowledge that Sheldon did not utter the words attributed to him. This is the test. Van Wagenen v. Bonnot, 72 N.J. Eq. 143; 74 N.J. Eq. 843. The statute does not preclude the testimony.
A further objection was that Sheldon's statements were hearsay and self-serving declarations. When the question arises whether the possessor of real or personal property holds under a claim of title, his declarations are admissible to the extent of indicating the character of his possession. Hutchinson v.Conkling, 111 N.J. Eq. 471; Outcalt v. Ludlow,32 N.J. Law 239; Luse v. Jones, 39 N.J. Law 707; Miller v. Feenane,50 N.J. Law 32. The statements were admissible to prove that Sheldon held the papers under a claim of ownership; but not to prove directly either payment or gift.
We have then the situation that Sheldon claimed to hold the bond and mortgage in his own right and not as agent. Either the debt had been satisfied — whether by payment or forgiveness is immaterial — or else, taking advantage of his confidential relation to Dr. Coles, Mr. Sheldon was perpetrating a fraud. Honesty, not fraud, is presumed. Helzer v. Helzer, 193 Pa. 217; 44 Atl. Rep. 281.
There will be a decree for cancellation of the bond and mortgage. *Page 465